# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 3260 | DATE | 9/29/2004 |
| CASE TITLE | Blumenberg vs. Frey | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, respondent's motion to dismiss is denied. Government to file an answer to the petition by 11/30/04. Status hearing set for 12/7/04 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | SEP 3 0 2004 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | 12 | |
| | Copy to judge/magistrate judge. | | | | |
| | MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN BLUMENBERG, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 04 C 3260 |
| v. ) | |
| ) | Judge John W. Darrah |
| SHELTON FREY, Warden, ) | |
| ) | |
| Respondent. ) | |

DOCKETED SEP 30 2004

## MEMORANDUM OPINION AND ORDER

Petitioner, Kevin Blumenberg, seeks a writ of habeas corpus against the Tamms Supermax Correctional Center Warden, Shelton Frey, pursuant to 28 U.S.C. §2254. Blumenberg raises three grounds for relief: (1) the prosecutor's knowing use of false testimony against him; (2) ineffective trial counsel for allowing perjured testimony to stand; and (3) ineffective appellate counsel for failing to appeal the issue of perjured testimony. Presently before the Court is Respondent's Motion to Dismiss for untimeliness.

### HISTORY

On April 23, 1993, a jury in the Circuit Court of Cook County, Illinois, found Blumenberg guilty of first-degree murder and armed robbery. Subsequently, the court sentenced Blumenberg to terms of imprisonment of 55 years and 30 years, respectively. Blumenberg appealed his conviction and sentence to the First District Illinois Appellate Court, raising three issues: (1) the state wrongfully exercised its peremptory challenges to exclude African-Americans from Blumenberg's jury; (2) a statement used against him was the fruit of an illegal detention; and (3) the sentence he received was excessive. The Illinois Appellate Court affirmed his conviction on April 24, 1996. On

that same day, Blumenberg wrote the Cook County Public Defender's Office requesting all legal documents used for his case, which he intended to use for his post-conviction petition.

Pursuant to Illinois Supreme Court Rule 315(b), Blumenberg had 21 days, or until May 15, 1996, to file a petition for leave to appeal ("PLA") to the Illinois Supreme Court. However, Blumenberg did not seek leave to appeal the appellate court's decision to the Illinois Supreme Court, nor did Blumenberg petition for a writ of *certiorari* to the United States Supreme Court. Thus, his direct appeal concluded on May 15, 1996.

On or about June 12, 1996, Blumenberg received an affidavit prepared by his grandmother, Nellie Moore, in which she states that she was never contacted by the police on January 18, 1991, contrary to the testimony at trial by a prosecution witness, Barry Costello; nor had she made a statement about her grandson (Blumenberg) having burglarized her home. Shortly thereafter, on approximately June 26, 1996, Blumenberg received a response to the letter he sent to the Cook County Public Defender's Office in April, which included a package of papers from his original trial attorney. This package included copies of legal documents relating to his case that he had never possessed prior to this date, such as the General Progress Report stating that it was co-defendant's grandmother, not Nellie Moore, who had been contacted by police officials on January 17, 1991, and had made the statements about her grandson's burglarizing her home.

On July 17, 1996, Blumenberg timely filed a *pro se* petition for post-conviction relief in the Circuit Court of Cook County, raising three issues: (1) he was denied due process of law by the use of knowingly false testimony against him, (2) he had ineffective assistance of trial counsel, and (3) he had ineffective assistance of appellate counsel. On August 29, 2000, the Circuit Court of Cook County dismissed Blumenberg's petition for post-conviction relief. Blumenberg appealed this

decision; and on November 26, 2002, the Illinois Appellate Court affirmed the dismissal. Blumenberg then timely petitioned for leave to appeal the appellate court's decision to the Illinois Supreme Court. The Illinois Supreme Court denied Blumenberg's PLA on June 4, 2003.

On April 26, 2004, Blumenberg signed and submitted to prison officials a petition for writ of habeas corpus in the United States District Court for the Northern District of Illinois. This petition was officially filed on May 7, 2004.

Respondent seeks dismissal of Blumenberg's petition, arguing that it is untimely because the statute of limitations began to run on May 15, 1996, the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review, pursuant to 28 U.S.C. § 2244(d)(1)(A). Blumenberg argues that this petition for writ of habeas corpus was timely filed because the statute of limitations did not start until June 26, 1996, the date he discovered factual predicate necessary to bring the present claims, pursuant to 28 U.S.C. §2244(d)(1)(D).

## ANALYSIS

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). "Allegations of *pro se* complaint [sic] are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, it must appear "beyond doubt that the

3

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. at 521 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The Antiterrorism and Effective Death Penalty Act of 1996 provides for four differing dates as the start of the limitations period for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute provides instruction that "[t]he limitation period shall run from the latest of" these dates. 28 U.S.C. § 2244(d)(1).

28 U.S.C. § 2244(d)(1) provides *inter alia* that:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . ., or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A); 29 U.S.C. § 2244(d)(1)(D). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Blumenberg contends that the statute of limitations for filing a petition for a writ of habeas corpus began running on June 26, 1996, pursuant to 28 U.S.C. § 2244(d)(1)(D). More specifically, that the affidavit he received from his grandmother on or about June 12, 1996, along with the documents he received from his trial counsel on or about June 26, 1996, is the factual predicate for the claims he now brings to this Court in his petition for a writ of habeas corpus. Blumenberg

4

therefore argues that the date of June 26, 1996 is the "latest" of the statutory options under 28 U.S.C. § 2244(d)(1) to commence the limitations period.

Next, Blumenberg contends that the limitations period was tolled on July 17, 1996, when he timely filed his petition for post-conviction relief, and that it remained tolled until the conclusion of this collateral review on June 4, 2003. The limitations clock resumed on June 5, 2003, the day after his PLA was denied by the Illinois Supreme Court. Thus, according to Blumenberg's calculations, the one-year limitations period would have expired on May 11, 2004. Accordingly, Blumenberg claims that his petition for habeas corpus, filed on May 7, 2004, but signed and allegedly given to prison officials for submission to the Court on April 26, 2004, was timely filed and not barred by the statute of limitations.

The Respondent conversely argues that Blumenberg's petition for habeas corpus is untimely. Specifically, the Respondent contends that the limitations period ended on April 1, 2004, because it began running immediately upon the conclusion of Blumenberg's direct appeal on May 15, 1996. The Respondent agrees that the limitations period was tolled due to Blumenberg's petition for post-conviction relief but contends that it began to run again on June 4, 2003, until it expired on April 1, 2004.

However, the Respondent failed to address Blumenberg's argument that June 26, 1996, the date that he received the factual predicate for his claims, should be the date which the period of limitations began pursuant to 28 U.S.C. § 2244(d)(1)(D).

Based on Blumenberg's allegation, that the factual predicate of his claims could not have been discovered until June 26, 1996, the limitations period would start on that date and not

May 15, 1996. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, only 349 days had run on the one-year limitations period when Blumenberg's petition for writ of habeas corpus was filed; the petition was timely filed.

## CONCLUSION

For the reasons stated above, the Respondent's Motion to Dismiss is denied.

Dated: September 29, 2004

JOHN W. DARRAH
United States District Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN BLUMENBERG,  )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SHELTON FREY, Warden, )<br>)<br>Respondent. ) | No. 04 C 3260<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Petitioner, Kevin Blumenberg, seeks a writ of habeas corpus against the Tamms Supermax Correctional Center Warden, Shelton Frey, pursuant to 28 U.S.C. §2254. Blumenberg raises three grounds for relief: (1) the prosecutor's knowing use of false testimony against him; (2) ineffective trial counsel for allowing perjured testimony to stand; and (3) ineffective appellate counsel for failing to appeal the issue of perjured testimony. Presently before the Court is Respondent's Motion to Dismiss for untimeliness.

## HISTORY

On April 23, 1993, a jury in the Circuit Court of Cook County, Illinois, found Blumenberg guilty of first-degree murder and armed robbery. Subsequently, the court sentenced Blumenberg to terms of imprisonment of 55 years and 30 years, respectively. Blumenberg appealed his conviction and sentence to the First District Illinois Appellate Court, raising three issues: (1) the state wrongfully exercised its peremptory challenges to exclude African-Americans from Blumenberg's jury; (2) a statement used against him was the fruit of an illegal detention; and (3) the sentence he received was excessive. The Illinois Appellate Court affirmed his conviction on April 24, 1996. On

that same day, Blumenberg wrote the Cook County Public Defender's Office requesting all legal documents used for his case, which he intended to use for his post-conviction petition.

Pursuant to Illinois Supreme Court Rule 315(b), Blumenberg had 21 days, or until May 15, 1996, to file a petition for leave to appeal ("PLA") to the Illinois Supreme Court. However, Blumenberg did not seek leave to appeal the appellate court's decision to the Illinois Supreme Court, nor did Blumenberg petition for a writ of *certiorari* to the United States Supreme Court. Thus, his direct appeal concluded on May 15, 1996.

On or about June 12, 1996, Blumenberg received an affidavit prepared by his grandmother, Nellie Moore, in which she states that she was never contacted by the police on January 18, 1991, contrary to the testimony at trial by a prosecution witness, Barry Costello; nor had she made a statement about her grandson (Blumenberg) having burglarized her home. Shortly thereafter, on approximately June 26, 1996, Blumenberg received a response to the letter he sent to the Cook County Public Defender's Office in April, which included a package of papers from his original trial attorney. This package included copies of legal documents relating to his case that he had never possessed prior to this date, such as the General Progress Report stating that it was co-defendant's grandmother, not Nellie Moore, who had been contacted by police officials on January 17, 1991, and had made the statements about her grandson's burglarizing her home.

On July 17, 1996, Blumenberg timely filed a *pro se* petition for post-conviction relief in the Circuit Court of Cook County, raising three issues: (1) he was denied due process of law by the use of knowingly false testimony against him, (2) he had ineffective assistance of trial counsel, and (3) he had ineffective assistance of appellate counsel. On August 29, 2000, the Circuit Court of Cook County dismissed Blumenberg's petition for post-conviction relief. Blumenberg appealed this

decision; and on November 26, 2002, the Illinois Appellate Court affirmed the dismissal. Blumenberg then timely petitioned for leave to appeal the appellate court's decision to the Illinois Supreme Court. The Illinois Supreme Court denied Blumenberg's PLA on June 4, 2003.

On April 26, 2004, Blumenberg signed and submitted to prison officials a petition for writ of habeas corpus in the United States District Court for the Northern District of Illinois. This petition was officially filed on May 7, 2004.

Respondent seeks dismissal of Blumenberg's petition, arguing that it is untimely because the statute of limitations began to run on May 15, 1996, the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review, pursuant to 28 U.S.C. § 2244(d)(1)(A). Blumenberg argues that this petition for writ of habeas corpus was timely filed because the statute of limitations did not start until June 26, 1996, the date he discovered factual predicate necessary to bring the present claims, pursuant to 28 U.S.C. §2244(d)(1)(D).

## ANALYSIS

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). "Allegations of *pro se* complaint [sic] are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, it must appear "beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. at 521 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The Antiterrorism and Effective Death Penalty Act of 1996 provides for four differing dates as the start of the limitations period for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute provides instruction that "[t]he limitation period shall run from the latest of" these dates. 28 U.S.C. § 2244(d)(1).

28 U.S.C. § 2244(d)(1) provides *inter alia* that:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . ., or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A); 29 U.S.C. § 2244(d)(1)(D). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Blumenberg contends that the statute of limitations for filing a petition for a writ of habeas corpus began running on June 26, 1996, pursuant to 28 U.S.C. § 2244(d)(1)(D). More specifically, that the affidavit he received from his grandmother on or about June 12, 1996, along with the documents he received from his trial counsel on or about June 26, 1996, is the factual predicate for the claims he now brings to this Court in his petition for a writ of habeas corpus. Blumenberg

4

therefore argues that the date of June 26, 1996 is the "latest" of the statutory options under 28 U.S.C. § 2244(d)(1) to commence the limitations period.

Next, Blumenberg contends that the limitations period was tolled on July 17, 1996, when he timely filed his petition for post-conviction relief, and that it remained tolled until the conclusion of this collateral review on June 4, 2003. The limitations clock resumed on June 5, 2003, the day after his PLA was denied by the Illinois Supreme Court. Thus, according to Blumenberg's calculations, the one-year limitations period would have expired on May 11, 2004. Accordingly, Blumenberg claims that his petition for habeas corpus, filed on May 7, 2004, but signed and allegedly given to prison officials for submission to the Court on April 26, 2004, was timely filed and not barred by the statute of limitations.

The Respondent conversely argues that Blumenberg's petition for habeas corpus is untimely. Specifically, the Respondent contends that the limitations period ended on April 1, 2004, because it began running immediately upon the conclusion of Blumenberg's direct appeal on May 15, 1996. The Respondent agrees that the limitations period was tolled due to Blumenberg's petition for post-conviction relief but contends that it began to run again on June 4, 2003, until it expired on April 1, 2004.

However, the Respondent failed to address Blumenberg's argument that June 26, 1996, the date that he received the factual predicate for his claims, should be the date which the period of limitations began pursuant to 28 U.S.C. § 2244(d)(1)(D).

Based on Blumenberg's allegation, that the factual predicate of his claims could not have been discovered until June 26, 1996, the limitations period would start on that date and not

5

May 15, 1996. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, only 349 days had run on the one-year limitations period when Blumenberg's petition for writ of habeas corpus was filed; the petition was timely filed.

## CONCLUSION

For the reasons stated above, the Respondent's Motion to Dismiss is denied.

Dated: September 29, 2004

JOHN W. DARRAH
United States District Judge

6

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN BLUMENBERG, | ) |
| Petitioner, | ) |
| | ) No. 04 C 3260 |
| v. | ) |
| | ) Judge John W. Darrah |
| SHELTON FREY, Warden, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner, Kevin Blumenberg, seeks a writ of habeas corpus against the Tamms Supermax Correctional Center Warden, Shelton Frey, pursuant to 28 U.S.C. §2254. Blumenberg raises three grounds for relief: (1) the prosecutor's knowing use of false testimony against him; (2) ineffective trial counsel for allowing perjured testimony to stand; and (3) ineffective appellate counsel for failing to appeal the issue of perjured testimony. Presently before the Court is Respondent's Motion to Dismiss for untimeliness.

## HISTORY

On April 23, 1993, a jury in the Circuit Court of Cook County, Illinois, found Blumenberg guilty of first-degree murder and armed robbery. Subsequently, the court sentenced Blumenberg to terms of imprisonment of 55 years and 30 years, respectively. Blumenberg appealed his conviction and sentence to the First District Illinois Appellate Court, raising three issues: (1) the state wrongfully exercised its peremptory challenges to exclude African-Americans from Blumenberg's jury; (2) a statement used against him was the fruit of an illegal detention; and (3) the sentence he received was excessive. The Illinois Appellate Court affirmed his conviction on April 24, 1996. On

that same day, Blumenberg wrote the Cook County Public Defender's Office requesting all legal documents used for his case, which he intended to use for his post-conviction petition.

Pursuant to Illinois Supreme Court Rule 315(b), Blumenberg had 21 days, or until May 15, 1996, to file a petition for leave to appeal ("PLA") to the Illinois Supreme Court. However, Blumenberg did not seek leave to appeal the appellate court's decision to the Illinois Supreme Court, nor did Blumenberg petition for a writ of *certiorari* to the United States Supreme Court. Thus, his direct appeal concluded on May 15, 1996.

On or about June 12, 1996, Blumenberg received an affidavit prepared by his grandmother, Nellie Moore, in which she states that she was never contacted by the police on January 18, 1991, contrary to the testimony at trial by a prosecution witness, Barry Costello; nor had she made a statement about her grandson (Blumenberg) having burglarized her home. Shortly thereafter, on approximately June 26, 1996, Blumenberg received a response to the letter he sent to the Cook County Public Defender's Office in April, which included a package of papers from his original trial attorney. This package included copies of legal documents relating to his case that he had never possessed prior to this date, such as the General Progress Report stating that it was co-defendant's grandmother, not Nellie Moore, who had been contacted by police officials on January 17, 1991, and had made the statements about her grandson's burglarizing her home.

On July 17, 1996, Blumenberg timely filed a *pro se* petition for post-conviction relief in the Circuit Court of Cook County, raising three issues: (1) he was denied due process of law by the use of knowingly false testimony against him, (2) he had ineffective assistance of trial counsel, and (3) he had ineffective assistance of appellate counsel. On August 29, 2000, the Circuit Court of Cook County dismissed Blumenberg's petition for post-conviction relief. Blumenberg appealed this

decision; and on November 26, 2002, the Illinois Appellate Court affirmed the dismissal. Blumenberg then timely petitioned for leave to appeal the appellate court's decision to the Illinois Supreme Court. The Illinois Supreme Court denied Blumenberg's PLA on June 4, 2003.

On April 26, 2004, Blumenberg signed and submitted to prison officials a petition for writ of habeas corpus in the United States District Court for the Northern District of Illinois. This petition was officially filed on May 7, 2004.

Respondent seeks dismissal of Blumenberg's petition, arguing that it is untimely because the statute of limitations began to run on May 15, 1996, the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review, pursuant to 28 U.S.C. § 2244(d)(1)(A). Blumenberg argues that this petition for writ of habeas corpus was timely filed because the statute of limitations did not start until June 26, 1996, the date he discovered factual predicate necessary to bring the present claims, pursuant to 28 U.S.C. §2244(d)(1)(D).

## ANALYSIS

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). "Allegations of *pro se* complaint [sic] are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, it must appear "beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. at 521 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The Antiterrorism and Effective Death Penalty Act of 1996 provides for four differing dates as the start of the limitations period for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute provides instruction that "[t]he limitation period shall run from the latest of" these dates. 28 U.S.C. § 2244(d)(1).

28 U.S.C. § 2244(d)(1) provides *inter alia* that:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . ., or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A); 29 U.S.C. § 2244(d)(1)(D). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Blumenberg contends that the statute of limitations for filing a petition for a writ of habeas corpus began running on June 26, 1996, pursuant to 28 U.S.C. § 2244(d)(1)(D). More specifically, that the affidavit he received from his grandmother on or about June 12, 1996, along with the documents he received from his trial counsel on or about June 26, 1996, is the factual predicate for the claims he now brings to this Court in his petition for a writ of habeas corpus. Blumenberg

4

therefore argues that the date of June 26, 1996 is the "latest" of the statutory options under 28 U.S.C. § 2244(d)(1) to commence the limitations period.

Next, Blumenberg contends that the limitations period was tolled on July 17, 1996, when he timely filed his petition for post-conviction relief, and that it remained tolled until the conclusion of this collateral review on June 4, 2003. The limitations clock resumed on June 5, 2003, the day after his PLA was denied by the Illinois Supreme Court. Thus, according to Blumenberg's calculations, the one-year limitations period would have expired on May 11, 2004. Accordingly, Blumenberg claims that his petition for habeas corpus, filed on May 7, 2004, but signed and allegedly given to prison officials for submission to the Court on April 26, 2004, was timely filed and not barred by the statute of limitations.

The Respondent conversely argues that Blumenberg's petition for habeas corpus is untimely. Specifically, the Respondent contends that the limitations period ended on April 1, 2004, because it began running immediately upon the conclusion of Blumenberg's direct appeal on May 15, 1996. The Respondent agrees that the limitations period was tolled due to Blumenberg's petition for post-conviction relief but contends that it began to run again on June 4, 2003, until it expired on April 1, 2004.

However, the Respondent failed to address Blumenberg's argument that June 26, 1996, the date that he received the factual predicate for his claims, should be the date which the period of limitations began pursuant to 28 U.S.C. § 2244(d)(1)(D).

Based on Blumenberg's allegation, that the factual predicate of his claims could not have been discovered until June 26, 1996, the limitations period would start on that date and not

May 15, 1996. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, only 349 days had run on the one-year limitations period when Blumenberg's petition for writ of habeas corpus was filed; the petition was timely filed.

## CONCLUSION

For the reasons stated above, the Respondent's Motion to Dismiss is denied.

Dated: September 29, 2004

JOHN W. DARRAH
United States District Judge

6