# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America *ex rel.* KEVIN BLUMENBERG, ) ) ) | |
| Petitioner, ) ) | No. 04 C 3260 |
| v. ) ) | Judge John W. Darrah |
| SHELTON FREY, ) ) ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Kevin Blumenberg, seeks a certificate of appealability following the denial of his petition for a writ of *habeas corpus*.

Seventh Circuit Rule 22(b) states: "In a habeas corpus proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district judge issues a certificate of appealability under 25 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue . . . ."

Petitioner was sixteen when he was arrested. Petitioner received *Miranda* warnings, was interrogated, and eventually gave a court-reported statement; but no parent or other adult concerned with Petitioner's welfare was present. Under Illinois law, the presence of a parent or other adult concerned with a defendant's welfare is one of many factors used to determine whether a statement was voluntarily given. *E.g., In re Lashun H.*, 672 N.E.2d 331, 335 (Ill. App. Ct. 1996). Petitioner was not advised of this right at his interrogation. Petitioner then sought to

suppress his statement by arguing that it was not given voluntarily. Specifically, Petitioner contended that the police officers failed to make proper efforts to contact one of his parents or a concerned adult and that he asked to see his grandmother. A suppression hearing was held by the state court, and Petitioner's motion to suppress was denied.

In a written opinion dated February 9, 2005, this Court considered Petitioner's petition on the merits and denied such petition. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is . . . The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

In his petition, Petitioner presented three claims: (1) that the State used the perjured testimony of Detective Barry Costello at the suppression hearing concerning whether police officers contacted Petitioner's grandmother, Nellie Moore; (2) that the state appellate court, on post-conviction review, misapprehended Georgina Moore's testimony in concluding that police officers spoke with Georgina Moore after Petitioner was arrested; and (3) that his trial counsel was ineffective at the suppression hearing by failing to impeach Detectives Frank Glynn and Costello with a General Progress Report which stated that co-defendant Jamie Clark's grandmother's house was burglarized by Clark.

As to the first two claims, reasonable jurists would not find assessment of these claims debatable. Plaintiff presented no evidence that the State used perjured testimony or that Petitioner's statement would have been suppressed if Detective Costello's testimony was incorrect. Plaintiff also failed to demonstrate the state court misapprehended Georgina Moore's testimony.

Regarding the ineffective assistance of counsel claim, the state court ruling on this issue clearly demonstrates that it identified the controlling legal standard, and its application of that law was not objectively unreasonable. Accordingly, reasonable jurists would not find the assessment of this claim debatable.

Based on the above, Petitioner's application for a certificate of appealability is denied.

Dated: June 29, 2005

JOHN W. DARRAH
United States District Judge